## SAMUEL P. ADAMS. *v.* WILLIAM CROWELL AND AMOS F. CARROLL, JR.

### *School District.    Taxes.*

A vote to sustain a school for a definite period is not equivalent to a vote to defray the expenses of that school by a tax on the grand list.

The warning for an annual school meeting contained, among other things, two articles as follows, viz: "3d. To see if the district will vote to have a school during the ensuing year, and if so, how long, and when to begin;" and "4th. To see how to support said school." The district "voted to sustain a school during four months the ensuing year, in summer and fall." *Held,* that this furnished no authority for the making of a rate bill assessing a tax upon the grand list of the district to support a school.

The legal effect of the vote cannot be enlarged, restricted or controlled by what the voters at the meeting intended to do, or by what they supposed that they had done.

THIS was an action of trespass and trover. Pleas, the general issue, and justification by Crowell as collector of a school district.

The case was submitted on the school district records and an agreed statement of facts, which are sufficiently stated in the opinion of the court.

It appeared that the legal voters of the district, except the plaintiff, at the school meeting referred to in the opinion, understood that they had done, at said meeting, all that was necessary to do to have and

maintain a school for four months of the year then ensuing, in summer and fall, and to pay the expense of the same by a tax on the grand list of the district; and that the plaintiff understood that they would be obliged to have another school meeting to vote a tax for its support.

The court, at the May Term, 1866, BARRETT, J., presiding, held the proceedings insufficient to authorize the making of the rate bill assessing the tax,—to which the defendants excepted

*Hunton & Gilman,* for the defendants.

*Jas. J. Wilson,* for the plaintiff.

The opinion of the court was delivered by

KELLOGG, J.   This is an action for taking and leading away a horse belonging to the plaintiff, with a count in trover for the same property, joined agreeably to the provisions of the statute.   Gen. Stat., p. 290, § 14.   The defendants, by their plea, justified the alleged taking and conversion of the property under and by virtue of a rate bill of a tax on the list of the polls and ratable estate of the inhabitants of school district No. 10, in Barnard, for the year 1865, with a warrant annexed thereto for the collection of the same; the plaintiff being an inhabitant of that district, and having a list for that year in the district, on which a tax was assessed and included in the rate bill, and the defendant Crowell being the collector of taxes of the district, and the other defendant acting as his assistant, and by his request, in the taking of the horse which was complained of. The horse was taken to satisfy the plaintiff's tax, and the only question made at the trial was as to the sufficiency of the proceedings of the school district to authorize the making of the rate bill assessing the tax.

The warning for the annual meeting of the district, held on the last Tuesday in March, 1865, contained, among others, two articles as follows, viz;   " 3d.  To see if the district will vote to have a school during the ensuing year, and, if so, how long, and when to begin;" and " 4th.  To see how to support said school."   At that

meeting, the district " voted to sustain a school during four months the ensuing year, in summer and fall ;" and this vote, which was the only one passed in respect to the subject of these two articles, is relied upon by the defendants as furnishing the authority for the making of the rate bill assessing the tax in question. The plaintiff was the moderator of this meeting, and the defendant Crowell was duly elected by the meeting as the prudential committee of the district, and was afterwards duly appointed the collector of taxes of the district. As prudential committee, the defendant Crowell caused a school to be kept for four months, agreeably to the vote of the district, and, when the expenses of the school were ascertained, he made up the rate bill assessing the tax in question for the amount on the list of the polls and ratable estate liable to taxation in the district for that year. By the Act of 1864, (Acts of 1864, No. 61,) which went into effect on the same day on which the annual meeting of the district, above mentioned, was held, so much of the provisions of the General Statutes as allowed the apportioning of the expense of fuel and teacher's board upon the scholars attending the school was repealed, and it was provided that " all expenses incurred by school districts for the support of schools shall be defrayed by a tax upon the grand list of said district." Before the Act of 1864 was passed, the statute provided that all expenses of school districts for the support of schools should be raised upon the grand list of the district, except the expenses of fuel and teacher's board, which might be apportioned to the scholar, ( Gen. Stat., p. 156, § 50,) and school districts were authorized, " by vote in a legal meeting " duly appointed and notified, to " raise money by a tax on the lists of the inhabitants of such districts," * * " to support a school in such district as may be judged necessary or expedient," (Gen. Stat., p. 155, § 43,) and prudential committees were only authorized to assess a tax on the list of the district " after the vote of the district for that purpose." (Gen. Stat., p. 156, § 47.) No change in these statute provisions was made by the Act of 1864, and a vote of the district is as necessary a requisite to a legal tax now as it was before that Act was passed. *Bowen* v. *King*, 34 Vt. 156. Unless the vote " to sustain a school four months " is in itself sufficient to justify the

prudential committee in assessing the tax, it cannot be aided by evidence in respect to what was understood and intended by the voters present at the meeting to be the effect of the vote. What the district did at the meeting is the material question in the case, and this is to be determined by the record of the proceedings when it can be produced. The legal effect of the vote cannot be enlarged, restricted, or controlled by what the voters at the meeting intended to do, or by what they supposed that they had done.

The vote " to sustain a school four months " was silent in respect to providing the means to defray the expenses of that school. It was simply a direction to the committee in respect to the length of time for which the school should be kept, and it does not in its terms suggest the idea of raising any money by a tax. That the district could not have raised money to defray the expenses of the school in any other way than by a tax on the grand list, was a very good reason why a tax should have been voted, but it does not, as we think, justify us in treating a vote to sustain a school for a definite period as equivalent to a vote to defray the expenses of that school by a tax on the grand list. If there was money in the treasury of the district applicable to the payment of the expenses of the school, there would not have been any occasion for the assessment of a tax to defray those expenses; and if the district had no money which might have been applied to the payment of those expenses, the prudential committee would have no authority, under any existing statute provision, to assess a tax for the amount of those expenses, until it was conferred upon him by a distinct vote of the district.

The judgment of the county court, which was *pro forma* in favor of the plaintiff, is affirmed.